10-3934-pr
Rock v. Conway

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand twelve.

PRESENT:   AMALYA L. KEARSE,
                      JOHN M. WALKER, JR.,
                      GERARD E. LYNCH,
                                      *Circuit Judges.*

_____

CINDELL ROCK,
                                      *Petitioner-Appellant*,

            v.                                                          No. 10-3934-pr

JAMES CONWAY, Superintendent, Attica Correctional Facility, ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,
                                      *Respondents-Appellees.*[*]

_____

FOR APPELLANT:        MARK A. KLEYNA, Arnold & Porter LLP, New York, New York (David Crow, The Legal Aid Society, New York, New York, *on the brief*).

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric T. Schneiderman, attorney general of New York, is automatically substituted as a defendant herein for his predecessor. The Clerk of Court is directed to amend the caption to read as shown above.

FOR APPELLEE:                   LISA FLEISCHMANN, Assistant Attorney General (Lea La Ferlita, Barbara D. Underwood, Roseann B. MacKechnie, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner-appellant Cindell Rock appeals from an August 30, 2010, judgment of the district court denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Rock challenges his conviction of assault in the second degree, N.Y. Penal L. § 120.05(2), and his sentence principally to seven years' imprisonment. He argues that the in-court identifications made by two witnesses were tainted by an unduly suggestive show-up and were not independently reliable, and that the state court's decision to permit the in-court identifications therefore constituted an unreasonable application of federal law as established in Neil v. Biggers, 409 U.S. 188, 198-200 (1972) (setting standards for considering the likelihood of misidentification following an unduly suggestive identification procedure). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review a district court's decision to grant or deny a habeas petition *de novo* and its findings of fact for clear error." Hemstreet v. Greiner, 491 F.3d 84, 89 (2d Cir. 2007). Having reviewed the record of the proceedings below, we affirm the district court's judgment for substantially the same reasons articulated by the district court in its opinion and by Magistrate Judge Debra Freeman in her report and recommendation, which the district court

2

adopted in full. See Rock v. Conway, No. 09 Civ. 3883 (RMB) (DF), 2010 WL 3528871 (S.D.N.Y. Aug. 30, 2010).

Under Biggers, "the factors to be considered in evaluating the likelihood of misidentification include [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation." 409 U.S. at 199-200. A federal court may grant habeas corpus only if the decision of the Appellate Division, the last state court decision on the merits of Rock's claim, was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). Moreover, "[t]he more general the rule, the more leeway [state] courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Accordingly, the "unreasonable application" standard is especially deferential where state courts apply open-ended, multifactor tests like that in Biggers. See, e.g., Brisco v. Ercole, 565 F.3d 80, 89-90 (2d Cir. 2009).

Rock has failed to demonstrate, as he must, that the Biggers standard or other federal law "was applied in a way that was objectively unreasonable," not just arguably incorrect as established by the Supreme Court of the United States. See Dunlap v. Burge, 583 F.3d 160, 165-66 (2d Cir. 2009). We agree with the district court that several of the Biggers factors

3

favored admission of the witnesses' in-court identifications. The first factor – "the opportunity of the witness to view the criminal at the time of the crime," Biggers, 409 U.S. at 199 – favored admission because both witnesses had multiple (albeit relatively brief) opportunities to view the assailant, and the attack took place in "daylight conditions." The second Biggers factor – the degree of attention paid by a witness at the time of the crime, id. – also favored admission, because, as the Appellate Division concluded, both witnesses focused intently on the attacker because of his strange behavior, and were highly attentive when they viewed him. The fifth Biggers factor – "the length of time between the crime and the confrontation," id. at 199-200 – likewise weighed in favor of admitting the in-court identifications.

The third Biggers factor – "the accuracy of the witness' prior description of the criminal," id. at 199 – may have cut against admission of the in-court identifications, as the witnesses' initial descriptions of the defendant were somewhat vague, generalized, and lacking in detail, and the hearing court noted that the initial description of the attacker was "a composite description of both" witnesses. Further, the fourth Biggers factor, "the level of certainty demonstrated by the witness[es]" in identifying Rock "at the confrontation," id., was different for the two witnesses. While one – the victim – had trouble eliminating another suspect and was more hesitant in identifying Rock as her attacker, the other witness immediately identified Rock as the assailant after he removed his hat and shirt. However, "[n]one of [the Biggers] factors standing alone is dispositive of the existence of independent reliability; instead, reliability is assessed in light of the totality of the circumstances." Brisco,

4

565 F.3d at 89 (internal quotation marks omitted). The Appellate Division plainly conducted a <u>Biggers</u> balancing analysis, and it concluded that the factors indicating reliability of the witnesses' identifications outweighed the factors that might suggest a possible misidentification. Thus, even if the fourth and fifth factors weighed against admissibility, we cannot say that the Appellate Division's affirmance of the trial court's decision to permit the in-court identifications was an unreasonable application of clearly established federal law.

We have considered Rock's other arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5